# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MATTHEW VERSER**                                                                                           **PLAINTIFF**

**V.**                          **CASE NO. 4:25-CV-00434 BSM-JTK**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.  Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.  Introduction:

Plaintiff, Matthew Verser ("Verser"), filed an application for Title II disability and disability insurance benefits on July 23, 2021. (Tr. at 18-36). In the application, he alleged that his disability began on April 1, 2021. *Id*. The application was denied

1

initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Verser was not disabled. *Id*. The Appeals Council denied Verser's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Verser has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

### III.  The Commissioner's Decision:

Verser meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. at 21). The ALJ determined that Verser had not engaged in substantial gainful activity since the alleged onset date of April 1, 2021.[1] *Id*. The ALJ found, at Step Two, that Verser has the following severe impairments: bipolar disorder, depressive disorder, anxiety disorder, schizophrenia, lumbar back pain from arthritis and degenerative disc disease, cervical degenerative disc disease with prior surgical fixation, neuropathy of the left upper extremity, obesity, and coronary artery disease. *Id*.

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ determined that Verser did not have an impairment or combination of impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 21-25). Next, the ALJ found that Verser had the residual functional capacity ("RFC") to perform work at the medium exertional level with the following additional limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no more than occasional reaching overhead with the left upper extremity; (3) no more than occasional exposure to hazardous conditions, dangerous machinery and equipment, and unprotected heights; (4) can understand, remember, and carry out detailed (but not complex) tasks and should not work at a forced pace, assembly line, or production rate jobs; and (5) should only have occasional dealings with the general public. (Tr. at 25-26).

The ALJ determined that Verser was unable to perform any past relevant work. (Tr. at 33). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Verser's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Verser could perform. (Tr. at 33-35). Therefore, the ALJ concluded that Verser was not disabled. Id.

## IV. <u>Discussion</u>:

---

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

4

*Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Verser's Arguments on Appeal

Verser contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not properly consider the psychology opinions, and the RFC did not incorporate all of his alleged mental limitations. Because Verser focuses on mental impairments in his brief, the Court will likewise limit its discussion.[3]

  1. Psychology opinions

Verser suffered from mental impairments, but he only pursued conservative treatment and did not require inpatient hospitalization. He said medications helped to minimize symptoms. (Tr. at 28-33, 451-470, 622-626). He was able to work 20-25 hours a week after the alleged onset date. (Tr. at 21). He was able to perform daily

---

[3] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

5

activities, like eating breakfast, taking medications, doing moderate house cleaning, driving, taking care of pets, and exercising. (Tr. at 267).

Dr. Samuel Hester, Ph.D, examined Verser in 2022 and noted normal speech and normal thought process. (Tr. at 28, 491-499). He had auditory and visual hallucinations. *Id*. He performed well on the mental function testing that Dr. Hester administered. *Id.* Dr. Hester wrote that Verser would have the capacity to communicate in an intelligible but not always effective manner, he could cope with the mental demands of basic work tasks, and he could sustain persistence in completing tasks. But he had a limited capacity to communicate and interact in a socially adequate manner and may not be able to complete work tasks in an acceptable time frame. *Id*. The ALJ found the opinion to be partially persuasive due to it relying upon Verser's subjective allegations and being inconsistent with Verser's improvement with treatment.[4] (Tr. at 31-32). While Verser argues that the ALJ erred in not accepting carte blanche Dr. Hester's opinion and using his

---

[4] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id*. (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

restrictions in the RFC, the ALJ explained why he did not accept all of Dr. Hester's restrictions.[5] He noted that medication improved symptoms and that Verser generally had normal mental status examinations. And the ALJ did impose some mental limitations in the RFC. He properly considered Dr. Hester's opinion and explained why he found it partially persuasive.

The two state-agency psychology experts reviewed the records and found that Verser would be limited to simple work with incidental interpersonal contact. (Tr. at 30, 69-89). The ALJ found these opinions persuasive but also referenced symptom control and unremarkable mental examinations in his discussion. (Tr. at 30-31). Therefore, he did not incorporate the experts' opinions verbatim in the RFC, but did apply some mental functions restrictions.[6] The ALJ was diligent in explaining that Verser's treatment was conservative, he could perform daily activities, and treatment improved his conditions. (Tr. at 26-32). Verser said he was doing well in October 2023, and that he did not need therapy. (Tr. at 32). Verser has not shown that mental impairments were disabling, and the RFC properly incorporated Verser's mental

---

[5] ALJ's RFC determination need only employ the portions of various medical opinions that: (1) the ALJ deems are supported by the evidence; and (2) the ALJ finds are an accurate reflection of the claimant's credible limitations. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010).

[6] An ALJ is not bound to rely on any particular medical opinion, and he can decline to incorporate any portions of an opinion that he deems inconsistent. *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000).

limitations.

### 2. Adapting and managing oneself

Verser asserts that the ALJ should have imposed at least moderate limitations on Verser's ability to adapt and manage himself. The ALJ found that Verser had moderate limitations in the ability to adapt and manage himself at Step Three but did not incorporate more than a few mental function restrictions in the RFC.[7] (Tr. at 25). In the ALJ's discussion, he again cited to normal mental status examinations, symptom control, and the ability to perform daily activities. No doctor placed any work restrictions on Verser. He did not require intensive psychiatric care or hospitalization, and he was able to work after the relevant time-period began. In the RFC, the ALJ did limit the pace of Verser's work and his interaction with the public, which accounted for Verser's credible limitations on adapting and managing himself. Verser has not shown that the ALJ should have imposed any greater mental function limitations in the RFC.

### V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the psychiatric opinions, and the RFC

---

[7] An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

incorporated all of Verser's limitations. The finding that Verser was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 13th day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE